# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3686 | **DATE** | 6/30/2011 |
| **CASE TITLE** | Hamin Khatib vs. Red Street Ventures, et al. | | |

**DOCKET ENTRY TEXT**

For reasons set forth in the Statement portion of this order, Hamin Khatib's "*In Forma Pauperis* Application" [4] is denied and Khatib's copyright claim is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The court expresses no opinion on the merits of any potential claim filed by Khatib under either patent law or trademark law. Today's order dismissing Khatib's Complaint does not limit Khatib's ability to file a separate complaint alleging either of these theories of relief, should he desire to do so.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

On June 1, 2011, pro se plaintiff Hamin Khatib ("Khatib") submitted to this court a Complaint alleging that defendants Red Street Ventures and Andrew Cameron violated Khatib's intellectual property rights in the "Iqraa Next Frontier All Purpose Strap"—a product that Khatib invented, marketed, and sold "to help people carry those essentials; Wallet, Glasses, Ipad, Umbrellas, Cell Phone and keys etc." (Dkt. No. 1 ("Compl.") at 1.) Specifically, Khatib alleges he discovered on March 21, 2011, that the website gorunnur.com was selling the Next Frontier All Purpose Strap without Khatib's permission. (*Id.* at 2.) Along with the Complaint, Khatib submitted an "*In Forma Pauperis* Application." (Dkt. No. 4.)

Requests to proceed *in forma pauperis* ("IFP") are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

According to his financial affidavit, Khatib has not been employed since April 2005 and his monthly income consists solely of $170 in welfare and "Link" assistance. Khatib states that he has no income from self-employment, despite his alleged success in selling the Iqraa Next Frontier All Purpose Strap "door to door" and in Chicago area malls. (Compl. at 2.) It is also somewhat unclear where Khatib lives. Although Khatib states in his Complaint that he "was and still [is] homeless" (Compl. at 1), Khatib has filed a pro se appearance form with the court indicating that he can be reached at a specific Chicago address and phone number. (Dkt. No. 3.) Considering these factors as a whole, the court finds that Khatib is indigent and unable to pay the $350 civil filing fee in this case.

The court also finds, however, that Khatib has failed to state a claim for copyright infringement as alleged in his Complaint. "Under the Copyright Act of 1976, copyright subsists in 'original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated.'" *Kelley v. Chi. Park Dist.*, 635 F.3d 290, 299 (7th Cir. 2011) (quoting 17 U.S.C. § 102(a)). "Works of authorship" are defined to include "(1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works." 17 U.S.C. § 102 (a). Although Khatib asserts that the Iqraa Next Frontier All Purpose Strap is both an "artistic" work and an "architecture" work, the invention he describes is functional in nature: designed "to help people carry [certain] essentials." (Compl. at 1, 3.) It is not architectural in nature, nor has Khatib alleged that the Iqraa Next Frontier All Purpose Strap is expressive or communicative in nature. As the Seventh Circuit has explained, "[u]seful articles and functional elements are . . . excluded from copyright protection." *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1012 (7th Cir. 2005). Because Khatib's invention does not qualify for copyright protection, the court dismisses his complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief may be granted.

Khatib states in his Complaint that he "followed all IP procedures even as a indigent, copyright law, Trademark law, Provisional Patents law with the little money that was available to me." (Compl. at 5.) Khatib does not, however, allege that the defendants have infringed any patent in the Iqraa Next Frontier All Purpose Strap, nor does Khatib allege that he has a trademark or tradedress in the Iqraa Next Frontier All Purpose Strap. The court expresses no opinion on the merits of any potential claim filed by Khatib under either patent law or trademark law. Today's order dismissing Khatib's Complaint does not limit Khatib's ability to file a separate complaint alleging either of these theories of relief, should he desire to do so.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
| --- | --- | --- |